FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA C., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1] <br><br> Defendant. | No: 2:21-CV-00003-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Dana C. Madsen. Defendant is represented by Special Assistant United States Attorney Michael J. Mullen. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 10, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 12, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Sandra C.[2] filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on September 19, 2018, Tr. 121-22, alleging disability since January 3, 2013, Tr. 213, 220, due to right sciatic neuroplasty, right saphenous neuroplasty, right pereneal neuroplasty, left sciatic neuroplasty, left saphenous neuroplasty, and costochondritis, Tr. 242, 254. Benefits were denied initially, Tr. 148-54, and upon reconsideration, Tr. 157-62. A hearing before Administrative Law Judge Marie Palachuk ("ALJ") was conducted on April 15, 2020.  Tr. 68-96.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of medical expert Jerry W. Seligman, M.D., and vocational expert Sharon F. Welter.  *Id*.  The ALJ denied benefits on May 6, 2020.  Tr. 21-31.  The Appeals Council denied

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff's request for review on November 6, 2020. Tr. 1-7. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 39 years old at the alleged onset date. Tr. 213. She completed her GED in 2014 and was trained as a Certified Nurse Assistant (CNA) in 2015. Tr. 255. Plaintiff's reported work history as a CNA for almost ten years. Tr. 255, 300. At application, she stated that she stopped working on January 3, 2013, due to her conditions. Tr. 254.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a

ORDER ~ 3

reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

ORDER ~ 4

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER ~ 5

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

ORDER ~ 6

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 3, 2013, the alleged onset date.  Tr. 23.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the left lower extremity; and mild obesity.  Tr. 24.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 24.  The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b), 416.967(b) with the following limitations:

the claimant can stand and walk for two hours in an 8-hour day and will need the ability to alternate between sitting and standing every 60 minutes. She cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. In addition, she cannot kneel, crouch, or crawl, but can occasionally balance and stoop. She can frequently reach overhead bilaterally, but must avoid concentrated exposure to extreme temperatures, wetness, humidity, vibration, and all hazards.

Tr. 25. At step four, the ALJ identified Plaintiff's past relevant work as nurse assistant and found that Plaintiff is not capable of performing this past relevant work. Tr. 29. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: office helper; mail clerk; and storage facility rental clerk. Tr. 30. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from January 3, 2013, the alleged date of onset, through the date of her decision. Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II of the Social Security Act and SSI benefits under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ proper addressed Plaintiff's symptom statements; and
2. Whether the ALJ properly weighed the medical source opinions.

ORDER ~ 8

# DISCUSSION

## 1. Plaintiff's Symptom Statements

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 10 at 14.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained in this decision." Tr. 26. The ALJ then summarized the medical evidence. AR 26-27. The ALJ concluded her analysis with the statement that "[t]he claimant's allegations are not fully supported by the objective medical evidence or the treatment history as detailed herein." Tr. 27.

The Ninth Circuit has specifically addressed that ALJ determinations that make a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). While this discussion could be inferred as reasons to reject Plaintiff's symptom statements, any reason the Court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). Therefore, the ALJ's summary of the medical record, Tr. 26-27, does not meet the specific, clear and convincing standard.

The ALJ provided three sentences at the end of her analysis that was specific to Plaintiff's statements:

> The claimant testified that she continued to experience significant pain and limitations stemming from her impairments; yet, as discussed above, the claimant's exams were largely normal (Ex. 2F/4, 8; 3F/2; 5F/7, 9, 21; 7F/4, 26, 84, 89, 98, 101; 8F/77; 9F/3; 12F/9; 13F; and 17F/9). The medical evidence concerning her impairments, provides only limited support for the claimant's allegations, and tends to suggest that her symptom are not as severe, persistent or limiting as she has alleged. Moreover, her most recent treatment notes and imagining continue to reflect a disparity between her alleged limitations and clinical findings (Ex. 12F/17 and 17F/9, 15).

ORDER ~ 10

Tr. 27. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Considering the only reason that the ALJ provided for rejecting Plaintiff's symptom statements was a "disparity between her alleged limitations and clinical findings," Tr. 27, she has not met the specific, clear and convincing standard.

Defendant asserts that the ALJ rejected Plaintiff's symptom statements because she appeared in "no acute distress" and because treatment improved her impairments. ECF No. 12 at 4. However, the ALJ did not specifically make these findings in her decision. As such, Defendant's assertion is a *post hoc* rationalization, which will not be considered by this Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

This case is remanded for the ALJ to properly address Plaintiff's symptom statements.

**2.  Medical Source Opinions**

Plaintiff appears to challenge the ALJ's treatment of the medical opinions from J.D. Fitterer, M.D., Greg Saue, M.D., Andrew Weir, M.D., Jaime Lewis, M.D., and Jerry W. Seligman, M.D. ECF No. 10 at 15. The Court acknowledges

ORDER ~ 11

that Plaintiff's briefing was imprecise regarding this challenge, as medical opinions were only discussed was during her challenge to the ALJ's treatment of her symptom statements. *Id*. However, Plaintiff clearly argues that these opinions cannot be relied upon because the providers did not have the results of the objective nerve conduction study completed after Plaintiff's hearing. *Id*.

At the April 15, 2020 hearing, Plaintiff testified that she had a nerve conduction study being performed for that very day. Tr. 89. Despite being informed of outstanding testing, the ALJ did not keep the record open for the results. Tr. 68-96. However, Plaintiff did not request that the record be left open. *Id*. The EMG study from April 15, 2020 was abnormal with evidence of entrapment neuropathy of the right common peroneal nerve affecting the myelin of the motor fibers, and distal demyelination of the left Peroneal nerve without axonal involvement. Tr. 55. These results were not exhibited in the evidence at the time the ALJ issued her decision. Tr. 35-36. However, this evidence was submitted to the Appeals Council. Tr. 2. The Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the decision," and did not exhibit the evidence. *Id*.

The Ninth Circuit has held that district courts do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision because the Appeals Council decision is a non-final agency action. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) *citing*

ORDER ~ 12

*Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). When the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Commissioner and the district court reviews the ALJ's decision for substantial evidence based upon the record as a whole. *Id*. at 1161-62. "[T]he administrative record includes evidence submitted to and considered by the Appeal Council." *Id*. at 1162. When the Appeals Council fails to "consider" additional evidence that meets the requirements set forth in 20 C.F.R. § 416.1470(b), remand to the ALJ is appropriate. *Taylor*, 659 F.3d at 1233. Therefore, whether or not the Appeals Council "considered" new evidence dictates whether or not a remand is appropriate. *See Brewes*, 682 F.3d at 1162 ("the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is 'evidence upon which the findings and decision complained of are based'"); *see Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) ("here the Appeals Council only looked at the evidence, and determined it did not meet the standard for consideration," and therefore, "the new evidence did not become part of the record, and we may not consider it").

      Here, the evidence submitted to the Appeals Council was new, as it was not elsewhere in the record. It was material as it specifically addressed Plaintiff's neuropathy. It relates to the period before the hearing decision. The only part of 20 C.F.R. § 416.1470(a)(5)-(b) that the Appeals Council discussed was that the

ORDER ~ 13

evidence did "not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

This Court joins others in finding that it is not clear how the Appeals Council determined that the new evidence would not impact the outcome of the ALJ's decision while simultaneously not considering it and not associating it with the record. *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at *5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM, 2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v. Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak. Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT, 2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019). Therefore, the Appeals Council should have exhibited the evidence as part of the administrative record. Nonetheless, while the records are not assigned an exhibit number, they are incorporated with the administrative record filed before this Court. *See* ECF No. 8-1. Therefore, the failure to exhibit the evidence is only an error if the ALJ's determination is not supported by substantial evidence considering the record as a whole, including the records submitted to the Appeals Council.

Here, the case is being remanded for the ALJ to properly address Plaintiff's symptom statements. Therefore, the Court is not required to make a finding regarding weather the decision is supported by substantial evidence considering the record as a whole. Upon remand, the ALJ will exhibit all the evidence submitted

ORDER ~ 14

to the Appeals Council and supplement the record with any additional outstanding evidence. She will call a medical expert to testify as to Plaintiff's RFC in light of the new evidence.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 10 at 18.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

ORDER ~ 15

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, there is medical evidence the must be associated with the record and a new medical expert shall be called to provide testimony regarding Plaintiff's RFC in light of this new evidence. The ALJ will readdress Plaintiff's symptom statements and the medical opinions in the file. In addition, the ALJ should supplement the record with any outstanding medical evidence and take additional testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED: September 27, 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 16